COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-434-CR
 
  
MICHAEL 
DEAN FISHER                                                         APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 396TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Michael Dean Fisher was charged with unlawful possession of a firearm by a 
felon,[2] and he entered an open plea of guilty.  
A pre-sentence investigation report (“PSI”) was compiled and considered by 
the trial court without objection, and the trial court sentenced Appellant to 
ten years’ confinement.  Appellant contends that three statements 
contained in the PSI violate the Confrontation Clause of the Sixth Amendment.
        Appellant 
objects to the following statements in the PSI: (1) a witness’s general 
statement that when Appellant is not on his medications, he is dangerous; (2) A 
Treatment Alternative to Incarceration Program counselor’s statement, in 
reference to Appellant’s attempts at drug treatment, that ”all drug addicts 
want it their way“; and (3) the statement by the PSI investigator concluding 
that Appellant ”may or may not have a mental health condition, but whether he 
does or not, it is not a defense to knowingly carrying a loaded weapon with a 
silver-colored bullet with the word ’cop‘ on it.“
        To 
preserve a complaint for our review, a party must have presented to the trial 
court a timely request, objection, or motion that states the specific grounds 
for the desired ruling if they are not apparent from the context of the request, 
objection, or motion.[3]  Further, the trial 
court must have ruled on the request, objection, or motion, either expressly or 
implicitly, or the complaining party must have objected to the trial court’s 
refusal to rule.[4]
        Because 
Appellant failed to object to the trial court’s consideration of the PSI in 
the trial court, he has forfeited his complaint on appeal.  We overrule 
Appellant’s sole point and affirm the trial court’s judgment.
   
  
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE

  
  
PANEL 
A:   CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
April 28, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Tex. Penal Code Ann. § 
46.04(a) (Vernon Supp. 2004-05).
3.  
Tex. R. App. P. 33.1(a)(1); Mosley 
v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), cert. 
denied, 526 U.S. 1070 (1999).
4.  
Tex. R. App. P. 33.1(a)(2); Mendez 
v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).